UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN NICOLE NORRIS,

       Plaintiff,                      Civil Action No. 17-CV-12792
vs.                                                HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER
(1) SUSTAINING PLAINTIFF'S OBJECTION (Dkt. 26), (2) ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 25), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 24), and (4) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17)**

## I. INTRODUCTION

In this social security case, Plaintiff Ann Nicole Norris ("Norris") appeals from the final determination of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The matter was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 17, 24), and Magistrate Judge Whalen issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Norris's motion for summary judgment (Dkt. 25). Norris filed an objection to the R&R (Dkt. 26), and the Commissioner subsequently filed a response (Dkt. 27).

For the reasons that follow, the Court sustains Norris's objection to the Magistrate Judge's recommendation, and adopts in part and rejects in part the recommendation contained in the

1

Magistrate Judge's R&R. The Commissioner's motion is denied, Norris's motion is granted in part, and this case is remanded to the Commissioner for further proceedings.

## II. LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

With respect to the proper legal standard, "[i]t is an elemental principle of administrative law that agencies are bound to follow their own regulations." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 545 (6th Cir. 2004); see also 5 U.S.C. § 706(2)(D) ("The reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . without observance of procedure required by law.").

## III. ANALYSIS

Norris made three arguments in favor of remand in her motion for summary judgment: (i) the ALJ failed to consider her mental limitations in making the Step Four determination; (ii) the ALJ erred by finding that the conditions of chronic obstructive pulmonary disease ("COPD"), carpal tunnel syndrome ("CTS"), and depression did not create significant work-related limitations; and (iii) the ALJ erred by not taking into account the conditions of COPD, CTS, and depression, even though they were properly characterized as "non-severe." Norris objects only to the Magistrate Judge's recommendation as to her first argument. She argues that the Magistrate Judge erred by finding that the ALJ considered her mental limitations in formulating her Residual Functional Capacity ("RFC"). See Obj. at 3. "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections," Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). Norris has waived objections to the second and third arguments. However, as to her first argument, the Court finds that Norris's objection has merit for the reasons explained below.

**A. Objection One**

Norris argues that the Magistrate Judge erred by failing to determine that the ALJ neglected to make findings related to the impact of Plaintiff's mental disabilities on her ability to perform work in formulating her RFC. A claimant's RFC is used to determine whether the claimant is capable of past relevant work, and if not, whether she is capable of making an adjustment to other work. See 20 C.F.R. §§ 404.1520(a)(4)(iv)-(v). Norris argues that because she has a severe impairment, degenerative disc disease, Social Security Regulation 96-8P required the ALJ, in making the RFC determination, to make findings related to the impact of her mental disabilities on her ability to perform work. R&R at 4. She argues that the ALJ did not address her affective disorder with respect to her ability to understand, carry out and remember instructions, use

3

judgment in making work-related decisions, or deal with changes in a routine work setting. Id. at 4. The Respondent disagrees and argues that the ALJ followed the appropriate procedures and came to the correct RFC given the great weight of the medical evidence. Resp. at 2-3. Norris has the better part of the argument.

A claimant is entitled to benefits under the Social Security Act if she can demonstrate her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Corresponding regulations set forth a five-step process to determine if the claimant is actually disabled. See 20 C.F.R. §§ 404.1520, 416.920. Norris's objection concerns the assessment of her RFC, an assessment that occurs between the third and fourth steps. In making the assessment, the ALJ must follow Social Security Ruling 96-8P.

> Social Security Ruling 96-8P says the following:
>
> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, <u>even those that are not 'severe.'</u> While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996) (emphasis added). The Sixth Circuit has confirmed that "[o]nce one severe impairment is found, the combined effect of all impairments <u>must</u> be considered, even if other impairments would not be severe." White v. Comm'r of Soc. Sec., 312 F. App'x 779, 787 (6th Cir. 2009) (emphasis added) (citing 20 C.F.R. §§ 404.1523, 404.1545(a)(2)); see also Simpson v. Comm'r of

4

Soc. Sec., 344 F. App'x 181, 190-191 (6th Cir. 2009) ("[O]nce it was determined that [Petitioner] suffered from severe physical impairments, status post right colon resection and repair of right inguinal hernia, the ALJ was required to consider the impairments resulting from this condition and her adjustment disorder with anxiety and depression in assessing her RFC.").

The ALJ found that Norris's degenerative disc disease is a severe impairment within the meaning of the Social Security Act. ALJ Op. at AR 28, PageID.68 (Dkt. 11-2). Therefore, the ALJ was required to consider all other physical or mental impairments, including those that were determined to be not severe in formulating her RFC. Whether the ALJ considered Norris's affective disorder is not clear.

At Step 2 of the sequential analysis, the ALJ evaluated, among other things, the severity of Norris's affective disorder. After considering the four broad functional areas for evaluating mental disorders, referred to as the "paragraph B" criteria, he concluded that Norris's affective disorder was mild, and therefore not severe within the meaning of the Social Security Act. Id. at AR 30-31, PageID.70-71 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1). At the end of the discussion, the ALJ made clear that "[t]he limitations identified in the 'paragraph B' criteria [were not the] residual functional capacity assessment but [were] used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." Id. at AR 31, PageID.71. The ALJ continued with the following statement:

> The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis.
>
> Even though the above impairments are not 'severe,' all of Claimant's medically determinable impairments have been considered at the remaining steps of the sequential evaluation (20 CFR 404.1523 and 416.923).

Id. Regulations 404.1523 and 416.923 relate to evaluation of multiple impairments in different contexts, including the combined effects of physical and mental impairments regardless of the severity. 20 C.F.R. § 404.1523(c); 20 C.F.R. § 416.923(c). Reference to the specific code sections suggests that the above passage relates strictly to the Step 2 analysis. The magistrate judge was not convinced, but assumed, for the sake of argument, that the above ALJ statements were limited to the Step 2 analysis.

Norris argues that the ALJ's discussion of her mild limitations is limited to the "catch-all" statement that "all of Claimant's medically determinable impairments have been considered at the remaining steps of the sequential evaluation." ALJ Op. at AR 31, PageID.71. The magistrate judge found otherwise. There is no discussion of Norris's mental impairments in the Step 4 analysis to determine Norris's RFC. Nonetheless, the Magistrate Judge noted that following the "catch-all" statement, the ALJ provided additional analysis discussing the content of the treating, consultative, and non-examining consultative records and the weight given to the respective sources. R&R at 21, PageID.801. The Magistrate Judge found that this additional analysis, although not included in the RFC discussion under Step 4, satisfied Social Security Ruling 96-8P. See id. The Magistrate Judge's position is plausible, but it is far from certain. As the Magistrate Judge noted, the "discussion of the weight accorded the medical and psychological sources is usually found after the RFC in the administrative determination. . . ." R&R at 21, PageID.801.

As noted above, even where an ALJ's decision is supported by substantial evidence, it will not be upheld when the Social Security Administration regulations were not followed by the ALJ. Bowen v. Commissioner of Social Security, 478 F.3d 742 (6th Cir. 2007). In Bowen, the decision of the ALJ was overturned because the ALJ failed to address the opinion of the claimant's treating source, in violation of 20 C.F.R. § 404.1527(d)(2). Id. at 747. Here, it is not clear whether the

6

ALJ properly considered Norris's mental impairments, as required by Social Security Ruling 96-8P. Therefore, the prudent course of action is to remand this case to the ALJ to make explicit his consideration of Norris's mental disabilities, and, if necessary, make the appropriate adjustments to her RFC.

Norris also revives the argument from her motion for summary judgment that the ALJ failed to consider eleven pages of behavioral health records from 2015 and 2016, which were submitted after the ALJ hearing, but prior to the issuance of the ALJ opinion. However, as the Magistrate Judge explained, "it is well settled that the 'failure' to discuss every page of the medical transcript does not provide grounds for remand." R&R at 22, PageID.802 (citing Kornecky v. CSS, 167 F. App'x 496, 508–509 (6th Cir. February 9, 2006) (noting that there is no requirement that the ALJ discuss every piece of evidence in the administrative record)). Moreover, the Magistrate Judge found, and this Court agrees, that the records do not support Norris's claims.

Finally, Norris makes a cursory argument that her "conditions point to limitations that are more severe than those proposed in the ALJ's RFC." Obj. at 5, PageID.813. She offers no supporting facts or explanation of what those more severe limitations might be. It is not the job of the Court to make an argument on the claimant's behalf when the claimant fails to provide her own factual support or legal analysis. See McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); Deguise v. Comm'r of Soc. Sec., No. 12-10590, 2013 WL 1189967, at *7 (E.D. Mich. Feb. 19, 2013) ("[P]laintiff cannot simply make the claim that the ALJ erred . . . while leaving it to the Court to scour the record to support this claim."), report and recommendation adopted by 2013 WL 1187291 (E.D. Mich. Mar.

22, 2013); Crocker v. Comm'r of Soc. Sec., No. 1:08-CV-1091, 2010 WL 882831, at *6 (W.D. Mich. Mar. 9, 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments."). As a result, the argument that Norris's conditions point to limitations that are more severe than those proposed in the ALJ's RFC is waived.

## IV. CONCLUSION

For the above-stated reasons, the Court **SUSTAINS** Norris's objection (Dkt. 26) and **ADOPTS IN PART AND REJECTS IN PART** the recommendations contained in the Magistrate Judge's R&R (Dkt. 25). The Commissioner's motion for summary judgment (Dkt. 24) is **DENIED** and Norris's motion for summary judgment (Dkt. 17) is **GRANTED IN PART**. This matter is **REMANDED** to the ALJ for further consideration consistent with this order.

SO ORDERED.

Dated: September 12, 2018  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2018.

 s/Karri Sandusky
 Case Manager